UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHAOPHONE SYCHANTHA,

                 Plaintiff,

                                         Case No. 24-cv-13043

v.                                   Honorable Linda V. Parker

LIVINGSTON COUNTY JAIL and
PRINGLE,

                 Defendants.

_____/

**OPINION & ORDER SUMMARILY DISMISSING PLAINTIFF'S CLAIMS AGAINST THE LIVINGSTON COUNTY JAIL AND REQUIRING PLAINTIFF TO FILE AN AMENDED PLEADING AS TO PRINGLE**

## I.  Introduction

This is a pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983.  Livingston County Jail inmate Khaophone Sychantha ("Plaintiff") asserts that he was denied telephone access while in jail during his federal criminal trial in October 2024.   Plaintiff alleges that the jail was "blocking" his numbers and that he was unable to call his father and his "legal research team" in violation of his First Amendment right to communicate and his Sixth Amendment right to counsel. He names the Livingston County Jail and its Administrator, Lieutenant Pringle, as defendants, and he sues Lieutenant Pringle in his/her individual capacity.   Plaintiff seeks monetary damages.   (ECF No. 1.)   The Court granted Plaintiff leave to

proceed without prepayment of the filing fee for this action.   (ECF No. 6.)   For the reasons stated herein, the Court concludes that Plaintiff's claims against the Livingston County Jail are subject to summary dismissal, and is requiring Plaintiff to file an amended complaint pursuant to Rule 8 with respect to his claims against Lieutenant Pringle.

## II.   Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a prisoner's complaint against government entities, officers, and employees if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915A.   A complaint is frivolous if it lacks an arguable basis in law or in fact.   *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint must be construed liberally.   *Haines v.*

*Kerner*, 404 U.S. 519, 520-521 (1972).   Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."   Fed. R. Civ. P. 8(a)(2), (3).   The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.   *Twombly*, 550 U.S. at 555.   Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Id*. (quoting *Twombly*, 550 U.S. at 555).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must allege that: (1) he or she

was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–336 (1986).

### A.   Claims against the Livingston County Jail

Livingston County Jail is identified as a Defendant in the caption of Plaintiff's Complaint. 42 U.S.C. § 1983 imposes liability on any "*person* acting under color of state law" who violates an individual's federal constitutional or statutory rights. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (emphasis added). It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under § 1983. *See Cage v. Kent Co. Corr. Facility*, No. 96-1167, 1997 WL 225647, *1 (6th Cir. May 1, 1997) (affirming the dismissal of prison building); *Von Ehl v. Saginaw Co. Jail*, No. 18-cv-11453, 2018 WL 2984662, *2 (E.D. Mich. June 14, 2018) (dismissing a § 1983 claim against a county jail); *Edward v. Jail*, No. 2:16-cv-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails,

sheriff departments, and other agencies are not legal entities amenable to suit under § 1983); *Brooks v. Huron Valley Men's Prison*, No. 2:06-cv-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases holding that a prison building is not a "person" for purposes of § 1983); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (holding that a police department is not a proper defendant under § 1983).   Plaintiff's claims against the Livingston County Jail must therefore be dismissed with prejudice.

### B.   Claims against Lieutenant Pringle

It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983, and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability.   *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-692 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).   The only personal involvement of Lieutenant Pringle that can be gleaned from Plaintiff's current pleading are perhaps his failure to respond to Plaintiff's complaints or denial of Plaintiff's grievance regarding the restrictions on his phone access.

Such assertions fail to state a claim upon which relief may be granted.   The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."   U.S. Const. amend. I.   While a prisoner

5

has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances, *Smith v. Ark. State Hwy. Emps., Loc. 1315*, 441 U.S. 463, 464-465 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).   An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).

The failure to investigate another person's alleged improper conduct "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983.   *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).   In other words, an official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct.   *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992).   Even if a plaintiff can establish a constitutional violation, a § 1983 claim against a supervisory official fails unless "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."   *Cardinal v. Metrish*,

6

564 F.3d 794, 802-803 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)).

However, when the Court liberally construes Plaintiff's Complaint, as it must, it seems possible that Plaintiff is claiming Lieutenant Pringle's direct involvement in the restrictions on Plaintiff's telephone accesss.   Nevertheless, Plaintiff has not alleged sufficient facts to establish such direct involvement.   For that reason, the Court is requiring Plaintiff to file an amended pleading.   As discussed below, however, further deficiencies must be cured to plausibly allege Plaintiff's asserted claims.

### C.   First Amendment Claim

Even if Lieutenant Pringle is a proper defendant in this case, Plaintiff fails to allege sufficient facts to state a viable First Amendment claim.   Plaintiff asserts that his lack of telephone access violated his First Amendment "right to communicate" because he was unable to call his father and his "legal research team."

A jail or prison inmate "retains those First Amendment rights that are not inconsistent with his status as an inmate or the legitimate penological objectives of the corrections system."   *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)) (internal quotations

7

omitted).   The Sixth Circuit acknowledges "that persons incarcerated in penal institutions retain their First Amendment rights to communicate with family and friends[.]"   *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (citing *Morgan v. LaVallee*, 526 F.2d 221, 225 (2d Cir. 1975)).   However, an inmate's free speech rights are "uncontrovertedly limited by virtue of [his or her] incarceration."   *Thaddeus-X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999) (en banc).   Thus, an inmate does not have a right to unlimited telephone usage. *Washington*, 35 F.3d at 1093; *accord United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) (stating that inmates "have no per se constitutional right to use a telephone").   Rather, an inmate's right to telephone access is subject to rational limitations in the face of the legitimate security interests of the jail or prison. *Washington*, 35 F.3d at 1100.   Courts review restrictions on telephone access for reasonableness.   *Id.* (citing *Johnson v. Galli*, 596 F. Supp. 135, 138 (D.Nev.1984)).   Plaintiff's Complaint is devoid of facts to suggest that any restrictions were unreasonable.

Plaintiff fails to define the period during which his telephone access was restricted.   He alleges only an unspecified period in October while he was in trial.[1]

---

1 While Plaintiff does not provide a year, it appears that the trial was ongoing when he filed this lawsuit on November 18, 2024.   (*See id.* at PageID. 5 ("I represent

(*See* ECF No. 1 at PageID. 8.)   Without such information, Plaintiff has not

plausibly alleged that any limitation was unreasonable.   *See, e.g.*, *Henderson v.*

*Cnty. of Kent*, No. 1:24-cv-1026, 2024 WL 4540459, at \*10 (W.D. Mich. Oct. 22,

2024) (a loss of telephone access for one day was not an unreasonable restriction);

*Dallas v. Chippewa Corr. Facility*, No. 2:17-cv-198, 2018 WL 3829203, at \*6

(W.D. Mich. Aug. 13, 2018) (dismissing an inmate's First Amendment claim

premised upon a "refusal to allow him to use a phone every thirty days while on a

break from sanctions," when he could still communicate with family by letter);

*Castleberry v. Acker*, No. 05-cv-74271, 2006 WL 250019, at \*2 (E.D. Mich. Jan.

31, 2006) (Borman, J.) (a loss of telephone privileges for twenty-four months was

not an atypical and significant hardship).   Plaintiff's Complaint thus lacks

sufficient factual detail for the Court to infer that his limited phone access ran afoul

of the First Amendment.   *See Iqbal*, 556 U.S. at 678 (holding that a complaint

containing "'naked assertion[s]' devoid of 'further factual enhancement'" is

insufficient to render a claim facially plausible) (citing *Twombly*, 550 U.S. at 557).

Furthermore, Plaintiff neither alleges nor establishes that his lack of

---

myself at trial . . .").)   Plaintiff does not indicate if it was a civil or criminal trial,
although the Court takes judicial notice of criminal proceedings against Plaintiff
which began before the Honorable Sean Cox on October 11, 2024.   *See*
*Sychantha*, No. 2:05-cr-81165 (E.D. Mich.).

telephone access completely deprived him of his ability to communicate with his

father or anyone else.   Plaintiff alleges no facts suggesting he was restricted from

communicating with his father or his "legal team" in writing or through in-person

visits.   While the First Amendment protects Plaintiff's right to communicate, it

does not provide him with a right to use a telephone to do so.   *See Makupson v.*

*Lee*, No. 1:24-cv-129, 2024 WL 2119249, *4 (E.D. Tenn. May 10, 2024)

(dismissing an inmate's First Amendment claim where he failed to allege facts

showing that he had no means to communicate with the outside world); *Miles v.*

*Scanlon*, No. 1:21-cv-74, 2021 WL 1809834, *5 (W.D. Mich. May 6, 2021)

(holding that inmates "do not have a constitutional right to a particular form of

communication" under the First Amendment).

For these reasons, the Court is requiring Plaintiff to file an amended

pleading to state a viable First Amendment claim, if he is able to do so.

### D.   Sixth Amendment Claim

Plaintiff also asserts that his lack of telephone access violated his Sixth

Amendment right to counsel.   It is axiomatic that a criminal defendant has a

constitutional right to the assistance of legal counsel.   *Strickland v. Washington*,

466 U.S. 668, 685 (1984).   To state a § 1983 claim for the deprivation of the right

to counsel, however, "there must be some allegation indicating an interference with

10

the prisoner's relationship with counsel."   *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation."); *Uraz v. Ingham Cnty. Jail*, No. 1:19-cv-550, 2019 WL 4292394, at *9 (W.D. Mich. Sept. 11, 2019) ("Courts that have considered the issue regularly have concluded that phone limitations that restrict an inmate's right to call counsel do not result in a Sixth Amendment violation unless the inmate has no other reasonable means to contact the attorney and prejudice resulted.").

In this case, Plaintiff offers no facts suggesting the alleged telephone restrictions at the jail precluded him from communicating with counsel, interfered with his ability to consult with counsel, or otherwise prejudiced his defense.   To the extent that Plaintiff alleges the telephone restrictions occurred during his October 2024 trial, the Complaint provides no facts demonstrating that prejudice resulted from the restrictions.   He thus currently fails to state a Sixth Amendment claim.   The Court is affording him an opportunity to amend his pleading to cure these defects, if he is able.

### III.   Conclusion

For the reasons stated, the Court concludes that the Livingston County Jail is

not an entity subject to suit in this § 1983 action.   Accordingly, the Court is summarily dismissing Plaintiff's claims against this entity with prejudice, and the Livingston County Jail is terminated as a party to this action.

Plaintiff currently fails to allege sufficient facts to establish a viable claim against Lieutenant Pringle or a viable First Amendment or Sixth Amendment claim.   Within **twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint to cure the deficiencies described above, if he is able.   If Plaintiff fails to file an amended complaint or the amendment still fails to satisfy Rule 8 or to state a viable claim, Plaintiffs' claims may be dismissed with prejudice without further notice.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 13, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 13, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager